**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| RUSSELL L. MORGAN, | : |
| Petitioner, | : Civil Action No. 08-3926 (JBS) |
| v. | : |
| BOROUGH OF CARTERET, et al., | : **O P I N I O N** |
| Respondents. | : |

**APPEARANCES:**

    RUSSELL L. MORGAN, #588876-066
    F.C.I. Fairton
    P.O. Box 280
    Fairton, New Jersey  08320
    Petitioner Pro Se

**SIMANDLE**, District Judge:

    Petitioner, who is presently confined at the Federal Correctional Institution at Fairton, New Jersey, filed a Petition, styled as "Pro Se Motion," for a Writ of Habeas Corpus under 28 U.S.C. § 2241.  See Docket Entry No. 1.  Petitioner neither applied for in forma pauperis status, not submitted his filing fee.  See id.

**I.  BACKGROUND**

    The nature of, and the allegations set forth in Petitioner's application are not easily comprehensible.  On the front page of his Petition, Petitioner asserts that he is seeking to enforce the Interstate Agreement on Detainers, as it might apply to

Petitioner.  See id. at 1.  Page two of the Petition similarly suggests that Petitioner's aim is to assert that the Interstate Agreement on Detainers was violated with regard to the time limitations for either taking him to trial or dismissing certain charges against him pending at the Borough of Carteret.  See id. at 2.  Page Three informs the Court that Petitioner has two "questions presented for resolution," specifically:

1.   WHY IS "WARR[A]NT/DETAINER" STILL LODGED AGAINST PRO SE PETITIONER R. MORGAN, WHEN NEARLY "FOUR YEARS" HAS EXPIRED AND NO MOVEMENT??????

2.   DOES SUCH WARR[A]NT HINDER PETITIONER'S RE[]HABILI-TATION PROCESS & DENY HIM ACCESS TO PROGRAMS & CAUSE MIS[-]CLASSIFICATION IN VIOLATION OF US SUPEREME COURT RULING IN CASE OF CULVER V. ADAMS, [449 U.S. 433 (1981)]??

Id. at 3 (capitalization, quotation marks and question marks in original, sporadically applied italics omitted).

The Petition is accompanied by numerous exhibits, the list of four of which is provided on Page Three of the Petition.  See id.  The exhibits appear to suggest that a detainer, lodged against Petitioner on December 29, 2004, for the purposes of Petitioner's then-pending criminal proceedings in the Borough of Carteret, was removed on January 7, 2005, upon request of the Borough of Carteret itself, which, apparently, terminated the proceedings and has no intent to prosecute Petitioner on the charges underlying the detainer.  Id. at 10 (an exhibit to the Petition reproducing the notice of removal of detainer).  It also

appears that the Bureau of Prisons duly noted that the detainer was removed but marked Petitioner's prison file with a notation "active warrant" for the purposes of notifying the Borough of Carteret in the event Petitioner is released or transferred. See id. at 10.

Finally, Pages Four and Five of the Petition contain Petitioner's "Argument/Fact." See id. at 4. Citations excluded, these two pages read, in their entirety, as follows:

1. Petitioner Russell L. Morgan "Pro Se" has tried to maintain & [ exhaust ] all "ADMINISTRATIVE REMEDY" issues mandated by "COURT RULE(s)" [ prior ] to any such COURT FILING . . . but to no avail was fruitful (EMPHASIS).

2. Petitioner Morgan, Present "DOCUMENTARY PROOF" to [ beyond any doubt ] defendant(s)/Respondent(s) have tried to circumvent "CONGRESSIONAL INTENT" to Protect against the very acts that would impede access to "REHABILITATION" outlines in US SUPREME COURT RULING that is parallel to the case at bat.

   That now CLEARLY is violated by January 7, 2005, Letter where "CARTERET PROSECUTOR FOR NEW JERSEY" withdrew DETAINER LETTER but, changed listing to active warrant, since is [ no case ] against the Petitioner Prto Se Morgan, that now [ must ] be addressed for such "DUE PROCESS VIOLATION" where "INITIALLY" when Petitioner Morgan exercised vested rights under "14th Amend. USCA, did they change "ARBITRARILY" [ without ] such MANDATED HEARING, that is CONGRESSIONAL INTENT mandated by . . . , warranting issuance of Writ of Habeas Corpus pursuant 28 U.S.C. § 2241(c)(3) (EMPHASIS ADDED).

   Based upon DOCUMENTARY PROOF presented to the Court & blatant violation of DUE PROCESS of LAW, that will result in such PROGRAMS that are available to other inmate(s) readying for release, COURT IN THE INTEREST of JUSTICE should issue Writ FORTHWITH SO PRAYS THE PETITIONER!

Id. at 4-5 (capitalization, parenthetical, exclamation marks, spacing and brackets in original).

## II.  DISCUSSION

A.  Standard of Review

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994); United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). Habeas Rule 4 requires the Court to examine a petition prior to ordering an answer and to summarily dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4 (amended Dec. 1, 2004).

B.  Jurisdiction and Exhaustion

Since it appears that Petitioner's goal is to challenge the implications of the criminal proceedings that were pending against him at the Borough of Carteret in 2004, Petitioner was correct in filing his Petition under 28 U.S.C. § 2241.

Jurisdiction to issue a writ of habeas corpus before a judgment of conviction is rendered in a state criminal proceeding lies under 28 U.S.C. § 2241(c)(3).  See Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973); Moore v. De Young, 515 F.2d 437, 442-43 (3d Cir. 1975); Triano v. Superior Court of New

4

Jersey, Law Div., 393 F. Supp. 1061, 1065 (D.N.J. 1975), aff'd 523 F.2d 1052 (3d Cir. 1975).  To invoke habeas corpus review under § 2241, the petitioner must satisfy two jurisdictional requirements: (1) the status requirement that the person be "in custody," and (2) the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); see also Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).  In addition, while Section 2241 petitioners are not statutorily required to exhaust state court remedies, "an exhaustion requirement has developed through decisional law, applying principles of federalism."  Moore, 515 F.2d at 442.

C.  Petitioner is Not "In Custody"

The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed."  Maleng, 490 U.S. at 490-91); see also Spencer v. Kemna, 523 U.S. 1 (1998).  The threshold question here is whether Petitioner is sufficiently "in custody" to attack the Borough of Carteret charges where he is in federal custody and  the Borough of Carteret has not removed its detainer.

The Supreme Court determined in Maleng v. Cook, 490 U.S. 488 (1989), that, where a state "has placed a detainer with the

5

federal authorities to ensure that at the conclusion of respondent's federal sentence, he will be returned to the state authorities to begin serving his . . . state sentences [the federal inmate] was 'in custody' under his . . . state sentences at the time he filed" his habeas petition attacking the state sentences.  See also Peyton v. Rowe, 391 U.S. 54 (1968); Mokone v. Fenton, 710 F.2d 998, 1002 & n.11 (3d Cir. 1983).  Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973), is also instructive.  The Supreme Court held in Braden that an Alabama prisoner. who filed a § 2241 petition in the Western District of Kentucky challenging the validity of a Kentucky indictment, was "in custody" to challenge the indictment where Kentucky had lodged an interstate detainer.  The Court expressly left open the question of whether the petitioner would be sufficiently "in custody" to attack the Kentucky indictment if no detainer had been filed against him by Kentucky:

> In this context . . . the 'future custody' under attack will not be imposed by the same sovereign which holds the petitioner in his current confinement.  Nevertheless, the considerations which were held in Peyton[v. Rowe, 391 U.S. 54, 63-64 (1968),] to warrant prompt resolution of the claim also apply with full force in this context . . . .  Since the Alabama warden acts here as the agent of the Commonwealth of Kentucky in holding the petitioner pursuant to the Kentucky detainer, we have no difficulty concluding that petitioner is 'in custody' for purposes of 28 U.S.C. § 2241(c)(3).  On the facts of this case, we need not decide whether, if no detainer had been issued

>       against him, petitioner would be sufficiently
>       'in custody' to attack the Kentucky
>       indictment by an action in habeas corpus.

Braden, 410 U.S. at 489 n.4.

This Court notes that the Supreme Court has defined a detainer as "a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking that the prisoner be held for the agency, or that the agency be advised when the prisoner's release is imminent." Fex v. Michigan, 507 U.S. 43, 44 (1993).  Although the United States Court of Appeals for the Third Circuit has not decided the question, at least two circuits have ruled that a petitioner incarcerated in one state is not "in custody" to attack a conviction or charges in another state where the second state has not lodged a detainer.  See Stacey v. Warden, Apalachee Correctional Institution, 854 F.2d 401, 403 (11th Cir. 1988) (Florida petitioner was not "in custody" for purpose of bringing § 2254 petition attacking Alabama conviction unless Alabama has lodged a detainer; "Although the Supreme Court in Braden did not foreclose the possibility that a petitioner in Stacey's position could be 'in custody' even in the absence of a detainer warrant, we have found no authority, and discern no rationale, for extending Braden to the facts of this case"); Dodd v. United States Marshal, 439 F.2d 774, 775 (2nd Cir. 1971) ("inasmuch as no detainer has been filed by Washington State with the

7

appropriate federal officials, [petitioner serving a federal sentence] is not 'in custody' of the Washington officers and hence the district court was without jurisdiction to accept the application.")

Moreover, several Courts of Appeals, including the Court of Appeals for the Third Circuit, have held that a detainer merely requesting advance notice of a prisoner's release, without more, does not satisfy the "in custody" requirement of § 2241.  See, e.g., Green v. Apker, 153 Fed. App'x 77, 79 (3d Cir. 2005) ("According to most courts which have considered the custody question, a prisoner [is not "in custody" for the purposes of a habeas review] simply because [another agency] has lodged a detainer against him with the prison where he is incarcerated"); Zolicoffer v. United States Dept. of Justice, 315 F.3d 538, 541 (5th Cir. 2003) (same); Garcia v. Taylor, 40 F.3d 299, 303, 304 (9th Cir. 1994) (same); Prieto v. Gluch, 913 F.2d 1159, 1164 (6th Cir. 1990) (same).

Here, the detainer lodged by the Borough of Carteret against Petitioner was removed by the end of 2004 and, moreover, the Bureau of Prisons, acting sua sponte, -- rather than upon request of the Borough of Carteret -- elected to mark Petitioner's file with a notation, "active warrant," so the Bureau would notify the Borough of Carteret in the event Petitioner was released or moved.  Since such notation cannot possibly qualify as a detainer

by the Borough of Carteret within the meaning of Fex, 507 U.S. at 44, and Green, 153 Fed. App'x at 79, Petitioner's challenges based on the notation do not satisfy the "in custody" requirement of § 2241. Accordingly, this Court will dismiss these challenges for lack of subject matter jurisdiction.[1] Petitioner will be directed to submit his application to proceed in forma pauperis or his filing fee of $5.00.[2]

---

[1] A fortiori, Petitioner's request to enforce the Interstate Agreement on Detainers by either taking him to trial or dismissing the charges pending at the Borough of Carteret is moot, since the documentation provided by Petitioner indicates that, as of now, there are no charges pending at the Borough of Carteret against Petitioner. While the Borough of Carteret may elect to reinstate and prosecute these charges, it is not the province of this Court to make predictions as to the possibility -- or the validity -- future actions by the Borough of Carteret.

[2] The "revised [Habeas] Rule 3(b) requires the [C]lerk to file a petition, even though it may otherwise fail to comply with [Habeas] Rule 2. The [R]ule . . . is not limited to those instances where the petition is defective only in form; the [C]lerk [is] also required . . . to file the petition even though it lack[s] the required filing fee or an in forma pauperis form." 28 U.S.C. § 2254, Rule 3, Advisory Committee Notes, 2004 Am. However, Section 1914, the filing fee statute, provides in relevant part that "the clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $ 350 except that on application for a writ of habeas corpus the filing fee shall be $ 5." 28 U.S.C. § 1914(a). The accompanying provision, Section 1915, governs applications filed in forma pauperis and provides, in relevant part, that leave to proceed in forma pauperis may be granted in any suit to a litigant "who submits an affidavit that includes a statement of all assets such [litigant] possesses [if such affidavit demonstrates] that the [litigant] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1); see also Smith v. Bennett, 365 U.S. 708, 712, 81 S. Ct. 895, 6 L. Ed. 2d 39 (1961) ("[W]hile [$ 5] is . . . an 'extremely nominal' sum, if one does not have it and is unable to get it[,] the fee might as well be [$ 500]"); Clay v.

D.  Petitioner's "Rehabilitation" Challenges

The second of Petitioner's "questions presented for resolution" asks if the fact of the notation might "hinder" Petitioner's rehabilitation and/or potentially deny him access to certain programs offered by the Bureau to other prisoners. However, this "question" is qualitatively different from the above-discussed challenge to the removed detainer. Such different challenge should be raised in a separate petition, since Habeas Rule 2 provides that a petitioner who seeks relief from different judgments must file a separate petition covering each separate judgment. See Habeas Rule 2(e); accord George v. Smith, 507 F. 3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits, not only

---

New York Nat'l Bank, 2001 U.S. Dist. LEXIS 3209, at *1 (S.D.N.Y. Mar. 21, 2001). Therefore, within thirty days from the date of entry of the Order accompanying this Opinion, Petitioner must submit his filing fee of $ 5 or his affidavit of poverty, regardless of the outcome of this litigation. Cf. Kemp v. Harvey, 2006 U.S. Dist. LEXIS 8939, at 18 n.6 (D.N.J. Mar. 3, 2006) (observing that "it would be indeed anomalous to allow persons [stating no cognizable claim] to usurp judicial resources and bring claims without payments while obligating every litigant [stating a cognizable claim] to pay the fee"). The Court, hence, expressly notifies Petitioner that his failure to submit the filing fee or his in forma pauperis application in a timely fashion will entitle the Clerk to institute action for collection of the fee for this action in light of Petitioner's implied consent to such collection through Petitioner's filing of the instant Petition. Accord York v. Ala., 2006 U.S. Dist. LEXIS 72160, at *2 n.2 (M.D. Ala. Apr. 18, 2006); Valles v. O'Sullivan, 1998 U.S. Dist. LEXIS 11071, at *2 (N.D. Ill. July 13, 1998) (directing trust fund officer to collect the fee from the inmate's prison trust fund account).

to prevent the sort of morass that a [multi]-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required filing fees . . . . A buckshot [pleading] that would be rejected if filed by a free person - say, a suit complaining that A defrauded [him], B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions - should be rejected if filed by a prisoner").

Moreover, it is Petitioner's obligation to plead that the existence of the notation resulted in a violation of Petitioner's rights; Petitioner cannot satisfy his pleading requirements by requesting the Court to piece Petitioner's claim together.  It is well established that "[h]abeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994).  Indeed, the Habeas Rules require a habeas petition to specify all the grounds for relief, state the facts supporting each ground, and state the relief requested, and do not allow petitioners to employ the courts as their counsel.  See 28 U.S.C. § 2254 Rule 2(c), applicable to § 2241 petitions through Habeas Rule 1(b).

Furthermore, Petitioner's "question" cannot be advanced under § 2241 unless Petitioner's allegations indicate the existence of the notation resulted in denial of a certain program, *and* such denial affected or would necessarily affect the

11

period of Petitioner's current confinement in the custody of the Bureau.  A prisoner is entitled to a writ of habeas corpus only if he "seek[s] to invalidate the duration of [his] confinement -- either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the [government's] custody."  See Wilkinson v. Dotson, 544 U.S. 74, 81 (2005).  In contrast, if a judgment in the prisoner's favor would not affect the fact or duration of the prisoner's incarceration, habeas relief is unavailable and a civil complaint is the appropriate form of remedy.  See, e.g., Ganim v. Federal Bureau of Prisons, 235 Fed. App'x 882 (3rd Cir. 2007) (holding that district court lacks jurisdiction under § 2241 to entertain prisoner's challenge to his transfer between federal prisons); Bronson v. Demming, 56 Fed. App'x 551, 553-54 (3rd Cir. 2002) (habeas relief was unavailable to inmate seeking release from disciplinary segregation to general population, and district court properly dismissed habeas petition without prejudice to any right to assert claims in properly filed civil rights complaint).

Finally, Petitioner's "question" should not be raised unless Petitioner actually exhausted his claims through the Bureau's three-tier Administrative Remedy Program, see 28 C.F.R. § 542.10 et seq.; see also Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) ("we have consistently applied an exhaustion requirement to

claims brought under § 2241"); Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996) (same), or unless Petitioner shows that such exhaustion is either not feasible or would render the potential judicial remedy futile.  See Ridley v. Smith, 179 Fed. App'x 109, 110 (3d Cir. May 3, 2006); DiLorenzo v. Fed. Bureau of Prisons, 2006 U.S. Dist. LEXIS 33514, at *3 (D.N.J. May 15, 2006).  In other words, Petitioner cannot merely state, as Petitioner did, that "Petitioner Russell L. Morgan "Pro Se" has tried to maintain & [exhaust] all "ADMINISTRATIVE REMEDY" issues mandated by "COURT RULE(s)" [prior] to any such COURT FILING . . . but to no avail was fruitful (EMPHASIS)."  Docket Entry No. 1, at 4.

Therefore, Petitioner's "rehabilitation question" will be dismissed, without prejudice to Petitioner's filing of a future § 2241 petition to that effect, provided that Petitioner's allegations are sufficiently pled and meet both the jurisdictional and exhaustion requirements.

### III.   CONCLUSION

Based on the foregoing, this Court will dismiss the Petition for lack of jurisdiction.  An appropriate Order accompanies this Opinion.

                                               **s/ Jerome B. Simandle**
                                               JEROME B. SIMANDLE
                                               United States District Judge

Dated:    **September 2, 2008**